# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CONDADO 3 CFL, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>LUIS RAMÓN REYES TRINDAD, *et al.*,<br><br>**Defendants.** | **Civil No.** 17-1104 (FAB) |

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is plaintiff Condado 3 CFL, LLC ("Condado")'s motion for summary judgment filed pursuant to Federal Rule of Civil Procedure 56 ("Rule 56"). (Docket No. 32.) For the reasons set forth below, the Court **GRANTS** Condado's motion for summary judgment. Id.

## I. Factual Background

This litigation concerns a 2010 loan agreement between Westernbank de Puerto Rico ("Westernbank") and defendants Luis Ramón Reyes-Trinidad ("Reyes"), Ana María González-Matos ("González"), her husband José Domingo Pagán-Colón ("Pagán"), and the conjugal partnership between González and Pagán (collectively, "defendants"). (Docket No. 1 at p. 5.) The following facts are deemed admitted by both parties pursuant to Local Rule 56. Loc.

Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130-31 (1st Cir. 2010).[1]

On March 31, 2010, Reyes, González, and Pagán barrowed $297,500.00 from Westernbank to purchase a commercial property. (Docket No. 32, Ex. 3 at p. 9.) The defendants agreed to "punctually pay the principal and interest" in 60 monthly installments over the course of five years. (Docket No. 32, Ex. 3 at pp. 1 and 7.) The loan agreement permitted Westernbank to "collect amounts due or about to become due" in the event of default. Id. at p. 10.

Reyes, González, and Pagán provided Westernbank with a mortgage note for a property in Río Piedras, Puerto Rico as collateral for the loan. (Docket No. 32, Ex. 5 at p. 4.) Westernbank held this mortgage note for one month, until the Commissioner of Financial Intuitions for the Commonwealth of

---

[1] Local Rule 56 governs the factual assertions made by both parties in the context of summary judgment. Loc. Rule 56; Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). The Rule "relieve[s] the district court of any responsibility to ferret through the record to discern whether any material fact is genuinely in dispute." CMI Capital Market Inv. v. González-Toro, 520 F.3d 58, 62 (1st Cir. 2008). The movant must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). The nonmovant must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56(c). The movant may reply and admit, deny, or qualify the opponent's newly-stated facts in a separate statement and by reference to each numbered paragraph. Loc. Rule 56(d). Facts that are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co., 603 F.3d 125, 130 (1st Cir. 2010).

Puerto Rico closed Westernbank on April 30, 2010. (Docket No. 32, Ex. 1 at p. 3.) The Federal Deposit Insurance Corporation, serving as receiver for Westernbank, assigned the mortgage note to Banco Popular de Puerto Rico ("Banco Popular"). (Docket No. 32, Ex. 4 at p. 5.) Banco Popular subsequently assigned the mortgage note to Condado. (Docket No. 32, Ex. 1 at p. 3.)

González and Pagán conceded that they "fail[ed] to make the agreed upon payments." (Docket No. 40, Ex. 1 at p. 6.) Condado sent González and Pagán a collection letter in December 2016, requesting that the defendants pay the outstanding balance within ten days. (Docket No. 32, Ex. 7 at p. 1.) The defendants failed to satisfy the loan within the requested timeframe. The defendants

owe $265,480.28 and $26,672.07 in principal and interest, respectively.[2] (Docket No. 31, Ex. 1 at p. 4.)

Condado commenced this action on January 24, 2017. (Docket No. 1.) In Condado's motion for summary judgment, it seeks to foreclose the mortgaged property, to collect from the defendants any deficient balance that may remain following foreclosure, and attorney's fees. (Docket No. 32 at pp. 8—10.) González and Pagán

---

[2] González and Pagán argue that the amount of debt owed by defendants is a material fact in dispute, citing a discrepancy in the amounts set forth in Condado's statement of uncontested material facts and in the unsworn statement of Samir Demnati ("Demnati"), loan officer for Midwestern Servicing, Inc. ("Midwestern Servicing"). (Docket No. 40 at p. 8.) Midwestern Servicing is the loan servicer for Condado. (Docket No. 32, Ex. 2 at p. 1.) Condado's statement of uncontested material facts provides that as of December 8, 2015, the defendants owe $256,480.28 in outstanding principal, $26,672.07 in interest with an accrual rate of $46.31 *per diem*, and attorney's fees. (Docket No. 32, Ex. 1 at p. 4.) In Demnati's unsworn statement, he states that as of December 8, 2015 defendants owe $256,480.28 in principal, the same amount set forth in González and Pagán's statement of uncontested material facts. (Docket No. 32, Ex. 2 at p. 3.) Demnati, however, lists $43,482.21 as the interest owed by defendants as of December 8, 2015. Id.

   González and Pagán emphasize that Condado failed to cite the "specific page or paragraph" of Demnati's unsworn statement. (Docket No. 40, Ex. 1 at pp. 6—7.) Additionally, González and Pagán challenge the accuracy of Demnati's statement without admitting, denying or qualifying whether defendants owe $25,672.07 in interest. Id.; see DeNovellis v. Shalala, 124 F.3d 298, 308 (1st Cir. 1999) ("At the summary judgment stage the judge's function is not [. . .] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). Facts that are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co., 603 F.3d at 130 (1st Cir. 2010). Where a party does not act in compliance with Local Rule 56(c), "a district court is free, in the exercise of its sound discretion, to accept the moving party's facts as stated." Ríos Jiménez v. Principi, 520 F.3d 31, 38 (1st Cir. 2008) (citing Cosme Rosado v. Serrano Rodríguez, 360 F.3d 42, 45 (1st Cir. 2004)). Because González and Pagán fail to controvert the amount of interest asserted by Condado in their opposing statement of uncontested material facts, the Court deems that defendants owe $256,480.28 in outstanding principal and $26,672.07 in interest as of December 8, 2015 with an accrual rate of $46.31 *per diem*. (Docket No. 32, Ex. at p. 4.)

opposed Condado's Rule 56 motion, and Condado replied.[3]  (Docket Nos. 40 and 44.)

## II. Summary Judgment Standard

A court will grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." Dunn v. Trs. of Bos. Univ., 761 F.3d 63, 68 (1st Cir. 2014) (internal citation omitted).

The role of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Tobin v. Fed. Exp. Corp., 775 F.3d 448, 450 (1st Cir. 2014) (internal citation omitted). The party moving for summary judgment has the initial burden of "demonstrat[ing] the absence of a genuine issue of material fact" with definite and competent evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).  The movant must identify

---

[3] Reyes failed to answer the complaint or otherwise defend himself in this litigation.  The Clerk of the Court entered default against Reyes on June 22, 2017.  (Docket No. 27.)

"portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that support its motion. Celotex, 477 U.S. at 323 (citing Fed.R.Civ.P. 56(c)).

Once a properly supported motion has been presented, the burden shifts to the nonmovant "to demonstrate that a trier of fact reasonably could find in [its] favor." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (internal citation omitted). "When the nonmovant bears the burden of proof on a particular issue, [he or] she [or it] can thwart summary judgment only by identifying competent evidence in the record sufficient to create a jury question." Tobin, 775 F.3d at 450-51. A court draws all reasonable inferences from the record in the light most favorable to the nonmovant, but it disregards unsupported and conclusory allegations. McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014).

**III. Jurisdiction**

The Court has jurisdiction over this civil action pursuant to 28 U.S.C. section 1332(a)(1) because the dispute is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

**IV. Applicable Law**

Puerto Rico law governs the Court's analysis in this diversity suit. Hoyos v. Telecorp Comm'ns Inc., 488 F.3d 1, 5 (1st Cir. 2007) ("[A] federal court sitting in diversity or exercising supplemental jurisdiction over state law claims must apply state substantive law."). Pursuant to Puerto Rico law, a valid contract requires "(1) consent of the contracting parties, (2) a definite object which may be the subject of the contract, and (3) the cause for the obligation which may be established." Acosta-Castillo v. Guzmán-Lora, No. 11-1513, 2012 U.S. Dist. LEXIS 130126 (Sept. 11, 2012) (Besosa, J.) (citing P.R. Laws. Ann. tit. 31, § 3991).

In the context of a loan agreement, "one of the parties delivers to the other money or any other perishable thing, under the condition to return an equal amount of the same kind and quality." Bautista Cayman Asset Co. v. Estate of Maldonado-Morales, No. 16-1041, 2017 Dist. LEXIS 129880 *9 (Aug. 15, 2017) (Cerezo, J.) (citing P.R. Laws Ann. tit 31, § 4511). The debtor becomes the owner of the money loaned, but remains obligated to repay the loan in addition to the agreed-upon interest. Id. (citing P.R. Laws Ann. tit. 31, §§ 4571—4573). Loan agreements are contracts that "have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." DJL Mortg. Capital, Inc. v. Nevárez-Hernández,

No. 15-2889, 2017 U.S. Dist. 23246 *4 (Feb. 17, 2017) (McGiverin, J.) (recommending foreclosure because "it is undisputed that defendants have failed to satisfy the terms and conditions of the mortgage note").

Reyes, González and Pagán presented Westernbank with a mortgage note, an "obligation secured by real property that is duly recorded in the Property Registry."[4]  According to Article 1775 of the Puerto Rico Civil Code, a "mortgage directly and immediately subjects the property on which it is imposed, whoever its possessor may be, to the fulfillment of the obligation for the security of which it was created."[5]  Laws of P.R. Ann. tit. 31, § 543; Roosevelt Cayman Asset Co. II v. Colón, No. 16-1265, 2017 U.S. Dist. LEXIS 4723 *7—8 (D.P.R. Jan. 9, 2017) (Vélez, J.).  Id.  A mortgage note is distinct from the underlying debt.

Any debt can give rise to a personal action for collection of monies which may eventually be executed upon personal or any other property of the debtor.  These proceedings will be filed against

---

[4] The property serving as collateral on the loan "appears registered within Page one-hundred and forty-six (146) of Volume twenty-two (22), for Río Piedras Sur, Plot eight-hundred and sixty-two (862), San Juan Property Registry, Section IV."  (Docket No. 32, Ex. 3 at p. 27.)

[5] Similarly, the Puerto Rico Mortgage Act provides that a "mortgage directly binds an estate and the rights on which it is imposed, whoever its owner or titleholder may be, to the fulfillment of the obligation for the security of which it was constituted."  P.R. Laws Ann. tit. 30, § 2551; Roosevelt Cayman Asset Co. v. Vega-Bonilla, No. 16-1170, 2017 U.S. Dist. LEXIS 49909 *7 (D.P.R. Mar. 23, 2017) (Gelpí, J.) (granting summary judgment in a foreclosure action because defendants defaulted on a loan).

the debtor and the prayer for relief is limited to money.  The mortgage, on the other hand, is the guarantee which gives rise to a mortgage foreclosure suit to collect from the very property that secured the debt.  Chicago Tile Ins. Co. v. Sotomayor, 394 F. Supp. 2d. 452, 460 (D.P.R. 2005) (Pieras, J.).  Following default on a loan secured by property, the "mortgage creditor may seek foreclosure."  ACM Penfield CFL, LLC v. Jolley-Talley, No. 13-1729, 2014 U.S. LEXIS 117502 *7 (D.P.R. Aug. 20, 2014) (Casellas, J.) (granting summary judgement motion and permitting mortgage note holder to foreclosure on debtor's property).

**V. Discussion**

No genuine issue of material fact exists in this foreclosure action.  Defendants borrowed $297,500.00 from Westernbank, securing this loan with property pursuant to the mortgage note. (Docket No. 32, Ex. 1, at pp. 2—5.)  Reyes, González and Pagán failed to make payments in contravention of the loan agreement and mortgage note. (Docket No. 32, Ex. 1 at p. 3.)  Condado, as holder of the mortgage note, is entitled to foreclose on the property subject to the mortgage note.  González and Pagán oppose Condado's motion for summary judgment for two reasons:  (1) González and Pagán deny that Condado is the "holder" of the mortgage note, and (2) Banco Popular is an indispensable party pursuant to Federal

Rule of Civil Procedure 19. (Docket No. 40 at pp. 3—10.) Neither reason is persuasive.

**A.   Condado is the Holder of the Mortgage Note**

As holder of the mortgage note, Condado may move for foreclosure. Puerto Rico law entitles the following individuals to enforce an instrument such as a mortgage note:

> (1) The holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, or (3) a person not in possession of the instrument who is entitled to enforce the instrument.

P.R. Laws Ann. tit. 19. § 601. According to González and Pagán, Condado's "problem is that the documentation submitted in support of its Motion for Summary Judgment does not support the fact that it is entitled to foreclose on the Mortgage Note." (Docket No. 40 at p. 3.) Condado's failure to demonstrate ownership of the mortgage note, González and Pagán argue, precludes Condado from enforcing the mortgage note. The Court disagrees.

Condado presents two documents to establish ownership of the mortgage note: the mortgage note itself and Demnati's unsworn statement. (Docket No. 32, Ex. 2; Docket No. 44, Ex. 1.) Condado produced the original mortgage note between Westernbank and defendants. (Docket No. 44, Ex. 1 at p. 1) Attached to the original mortgage note is an assignment from the Federal Deposit Insurance Corporation, acting as receiver for Westernbank, to

Banco Popular.  Id. at p. 2.  Furthermore, Condado presents an allonge to the mortgage note.  Id. at p. 3.  This allonge indicates that on that June 30, 2016, Banco Popular assigned the mortgage note to Condado.  Id.  In addition to the allonge, Demnati attests under penalty of perjury that "Condado 3 is the holder, by endorsement, of the Mortgage Note."  (Docket No. 32, Ex. 2 at p. 3.)  The Court finds that Condado has provided sufficient evidence to demonstrate that it holds the mortgage note.

In González and Pagán's opposing statement of material facts, they deny that Condado owns the mortgage note.  (Docket No. 40, Ex. 1 at pp. 4—6.)  González and Pagán premise their denial on Condado's failure to produce an allonge demonstrating that Banco Popular endorsed the mortgage note to Condado.  Id. at p. 5.  According to González and Pagán:

> For Condado 3 CFL to be considered the 'holder' of the Mortgage Note, and therefore, the person entitled to enforce it, not only should Condado 3 CFL have possession of the mortgage note, but it should have been indorsed to its order.

Id.  (citing Puerto Rico Negotiable Instruments Act, P.R. Laws Ann. tit. 19, § 551, for the proposition that "possession of the instrument and its indorsement by the holder is required to perfect transfer of an instrument").  Condado, however, subsequently submitted the original mortgage note with

the allonge. (Docket No. 44, Ex. 1.) By González and Pagán's own reasoning, Condado is the holder of the mortgage note.

A decision by this Court with analogous circumstances is illustrative. In Roosevelt Cayman Asset Co. v. Robles, defendants in a foreclosure action opposed summary judgment because "plaintiff ha[d] not established its standing as owner and holder of the mortgage note." No. 15-1308, 2017 U.S. Dist. LEXIS 49603 *1 (D.P.R. Mar. 31, 2017) (López, J.) (applying Puerto Rico law in a diversity suit). To demonstrate ownership of the mortgage note, Roosevelt Cayman Asset Company ("Roosevelt") submitted two documents: (1) a declaration under penalty of perjury by its debt collector that Roosevelt held the mortgage note, and (2) the mortgage note with an allonge transferring the mortgage note from Doral Financial Corporation to Roosevelt. Id. at *4. Because the defendant failed to cite evidence controverting the declaration and the allonge, the court found that "the record supports [Roosevelt's] assertion as to its ownership of the Mortgage Note." Id. Like the court in Roosevelt, this Court is satisfied that Condado owns the mortgage note as evidenced by Demnati's statement under penalty of perjury and by the allonge.

**B.  Banco Popular is Not an Indispensable Party**

González and Pagán argue that Banco Popular is an indispensable party pursuant to Federal Rule of Civil Procedure 19

("Rule 19"). (Docket No. 40 at p. 7.) According to González and Pagán, the Court "cannot accord complete relief because Condado 3 CFL is asking for the foreclosure of a Mortgage Note for which [Banco Popular] is the 'holder' under the Negotiable Instruments Act." Id at. p. 8. The Court disagrees. See supra Part V(A).

Rule 19(a)(1) sets forth three tests, any one of which, if satisfied, results in a finding of indispensability. Maldonado-Viñas v. National Western Life Ins., Co., 303 F.R.D. 177, 180 (D.P.R. 2014) (Besosa, J.) ("Having not met any of the three tests set forth in Rule 19(a)(1), the Court concludes that [a non-party to the complaint] is not a required party to this action."). A party is deemed necessary to the litigation if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a)(1). Because Banco Popular assigned the mortgage note to Condado, the Court "may accord complete relief among the existing parties." Id. Banco Popular is a non-party

with no interest in this litigation. See Lincoln Sav. Bank. v. Carmelita Dev. Corp., 88 F.R.D. 648, 649 (D.P.R. 1980) (Gierbolini, J.) (holding that because "the only party who can bring the foreclosure action" is the holder of the mortgage note, a previous holder of the mortgage note is not an indispensable party pursuant to Rule 19). Accordingly, Banco Popular is not an indispensable party pursuant to Rule 19.

**VI. Attorney's Fees**

Condado requests that the Court order defendants to pay attorney's fees. The mortgage note held by Condado states that:

> In the case of legal claim f, [sic] the undersigned promise to pay an additional sum of TWENTY NINE THOUSAND SEVEN HUNDRED FIFTY DOLLARS ($29,750.00) to cover the costs, expenses and attorney fees which the bearer or holder of the present of this note has to incur for this reason, which sum will be settled and demanded with the mere filing of the lawsuit.

(Docket No. 44, Ex. 1 at p. 1.) González and Pagán make no argument regarding attorney's fees in their opposition to Condado's motion for summary judgment. Pursuant to the terms of the mortgage note, the Court **ORDERS** González and Pagán, together with Reyes, to pay attorney's fees in the amount of $29,750.00.

**VII. Conclusion**

For the reasons set forth above, Condado's motion for summary judgment is **GRANTED.** (Docket No. 32.) Condado's request for attorney's fees in the amount of $29,750.00 is **GRANTED.** Id. The

Court **ORDERS** Condado to submit a proposed judgment **no later than May 18, 2018**. No extensions will be allowed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 3, 2018.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE